Nash, J.
I am unable to concur in the conclusion that the commissioners of Ashtabula county have capacity to take and hold the real and personal property attempted to be given by James Christy in his will to the county of Ashtabula “ for educational purposes, to be under the full control of said commissioners to use and expend as seems best in their judgment to promote and advance the cause of education in said county of Ashtabula.” This proposition is not sound unless “ the cause of education ” is one of the objects committed to the care of county commissioners.
In the case of Carder v. Commissioners of Fayette County, 16 Ohio St., 353, it was held that a county can take property by devise, and when the devise is made to the county by name, without limiting the uses of the property, it vests in the board of commissioners for the use of the county, and may be appropriated by them to any and all authorized county purposes. These are the support of the poor, the *719 maintenance of local government, the establishment and repair of roads and bridges, and perhaps other purposes. But the cause of education is not one of these. For this the state is divided into school districts, styled respectively city districts of the first class, city districts of the second class, village districts, special districts and township districts (section 8885, Rev. Stats.), and each district is provided with a board of education. These boards are bodies politic and corporate, capable of suing and being sued, contracting and being contracted with, acquiring, holding, possessing and disposing of property, both real and personal, and taking and holding in trust for the use and benefit of such districts any grant or devise of land, and any donation or bequest of money or other personal property, and of exercising such other powers as have been conferred by the general assembly. Section 3971, Rev. Stats. For the support of the schools under their charge, money is provided by the state, and also by the boards themselves, by annual levies, which it is their duty to make. The money thus provided is expended under their direction. Full provision is thus made for the proper promotion of the educational interests of a county by bodies corporate, independent of the county commissioners.
Section 3969, Rev. Stats., gives to county commissioners power to do certain things in case any board of education fails to perform its duty. They acquire jurisdiction only where there has been a neglect, and then only over the district where the omission occurred. In such case they care not for the educational interests of the county, but have temporary control óf this interest in a small sub-division of the county.
By section 4010, Rev. Stats., the board of any school district in which a children’s home or orphans’ asylum or a county infirmary is located, is required, when requested by the trustees of such children’s home or orphans’ asylum, or by the directors of such infirmary, to create a separate school therein, so as to afford to the children therein the advantages of a common school education. All that the county commissioners are required to do in such Case at the expense *720 of the funds under their control, is to furnish a room or rooms for the school. The money necessary for the support of such school comes from the funds of the school district, or from the funds of the institution, and the furniture, apparatus and books for the school, although furnished in the first instance by the county commissioners, must be paid for out of the funds of the institution. The exceptional cases wherein the county commissioners have a remote and comparatively unimportant connection with schools, do not make “ the cause of education ” one of the objects of their official care.
■ - Section 20, Rev. Stats, does not authorize county commissioners to receive bequests for educational purposes. It reads as follows: “ The state, county commissioners, township trustees, the councils, boards or officers of municipal corporations, and the boards of directors, trustees,, or other officers of any of the benevolent, educational, penal, or reformatory institutions, wholly or in part under the control of the state, and any of said municipalities or institutions, shall be capable of receiving, by gift, devise, or bequest, moneys, lands, or other property, for their benefit or the benefit of any of those under their charge, and to hold and apply the same according to the terms and conditions of the gift, devise, or bequest; but this section shall not be held to affect or change the statutory provisions as to devises or bequests for such purposes.”
This section does not enlarge the powers possessed by county commissioners when the case of Carder v. Commissioners, before referred to, was decided. It is contended that the words “ or the benefit of any of those under their charge,” contained in section 20, have extended their power of receiving bequests. The commissioners have certain business interests and property of the county ii^ their keeping, but they do not have persons 'under their charge. The commissioners who codified our laws, made this section comprehensive in conferring the power to receive bequests upon the state, county commissioners, township trustees, the councils and boards or officers of municipal corporations, *721 and the boards of directors, trustees or other officers of any of the benevolent, educational, penal or reformatory institutions wholly or in part under the control of the state, and of any such municipality. To do this they were compelled to use language which would apply to some of the bodies or official boards named, but not to others. The directors, trustees and officers of the benevolent, educational, penal and reformatory institutions of this state, and of municipalities and counties, have persons wholly or in part under their charge, but county commissioners do not. Hence I think that the words of section 20 applicable to county commissioners are these : “ County commissioners shall be capable of receiving by gift, devise, or bequest, moneys, lands or other property for their benefit ” — for the benefit of the objects under their control — •“ and to hold and apply the same,” etc.
An examination of the law relating to orphans’ homes, shows that county commissioners have a much nearer relation to these benevolent institutions than they have to the educational interests of a county. If the general assembly intended that section 20 should have the broad application which is now sought to be given to it, it was an unnecessary labor for them to place section 928, Rev. Stats., in the statutes, and give again to the commissioners of the several counties power to receive bequests for the purpose of a siti and erection of an orphan asylum thereon and to maintain the same.